[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14711

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAM SHANE SWINDLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:15-cr-00247-LSC-SGC-1

_____

Before JORDAN, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Adam Swindle, proceeding *pro se*, appeals the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the District Court abused its discretion in finding that he failed to exhaust his administrative remedies. He also argues that COVID-19 is an extraordinary and compelling reason justifying his release from prison, that the District Court abused its discretion by applying U.S.S.G. § 1B1.13 to address his motion, and that the 18 U.S.C. § 3553(a) factors weighed in favor of his release.

I.

In 2015, Swindle was indicted on three counts involving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2), (a)(5)(B), and (b)(2). Swindle pled guilty to counts two (receipt) and three (possession), and the government dismissed count one (distribution). Swindle was sentenced to a low-end Guidelines sentence: 168 months of imprisonment. His projected release date is October 10, 2027.

In August of 2020, Swindle filed a pro se motion for compassionate release, seeking relief based on the COVID-19 pandemic. Swindle argued that the circumstances surrounding his incarceration placed him at risk of contracting COVID-19. He did not,

however, contend that he suffered from any health problems that placed him at a higher risk than any other incarcerated individual.

The District Court denied the motion.  The Court provided three reasons for its denial.  First, the Court found that Swindle had failed to exhaust his administrative remedies and that, as such, the Court did not possess authority to grant release under § 3582(c)(1)(A)(i). Second, the Court found that general concerns about possible exposure to COVID-19 did not meet the criteria for "extraordinary and compelling reasons" for a reduction in sentence as set forth in the Sentencing Commission's policy statement on compassionate release.  Third, the Court found that guideline § 1B1.13 and the § 3553(a) factors both weighed against allowing compassionate release in Swindle's case.

Although the District Court abused its discretion in concluding it did not possess authority to grant release, it did not abuse its discretion in concluding that Swindle failed to demonstrate "extraordinary and compelling reasons" warranting a sentence reduction or in concluding that guideline § 1B1.13 and the § 3553(a) factors both weighed against allowing compassionate release in Swindle's case.  Accordingly, we affirm.

II.

We review for abuse of discretion a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper

procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (citing *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (quotation marks omitted)). When a district court "commits a clear error of judgment," that is also an abuse of discretion. *Id.* (internal citation omitted).

We liberally construe *pro se* filings. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). A defendant abandons any argument that he does not raise on appeal. *United States v. Grimon*, 923 F.3d 1302, 1308 (11th Cir. 2019). "To obtain reversal of a district court judgment that is based on multiple, independent grounds," a defendant must challenge each ground on appeal. *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020). If a defendant fails to challenge any of the independent grounds on appeal, we will affirm. *Id.*

### III.

### A.

We note as an initial matter that the District Court erred in concluding that it lacked authority to consider Swindle's motion based on Swindle's failure to exhaust his administrative remedies. We recently held that Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional but is instead a "claim-processing rule." *Harris*, 989 F.3d at 911. Because it is a claim-processing rule, it is a defense that the government can forfeit. *Id.* at 910, 911. Because the government did not assert this defense before the District

20-14711                Opinion of the Court                    5

Court, the defense was forfeited.[1] Thus, Swindle is correct that the District Court abused its discretion in concluding that it lacked authority to consider Swindle's motion for compassionate release.

### B.

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act") amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).

In order to grant compassionate relief, the district court must find that extraordinary and compelling reasons warrant such a reduction, consider the § 3553(a) factors to the extent that they are applicable, and find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).

### 1.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court cannot modify a term of imprisonment once it has been imposed unless it finds that

---

[1] The government does not dispute the District Court's error on this point on appeal.

"extraordinary and compelling reasons warrant such a reduction." *See* U.S.S.G. § 1B1.13 & comment. n.1.  The policy statements list four circumstances which may constitute extraordinary and compelling reasons: (1) a prisoner's medical condition, if he has a terminal disease or is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison; (2) a prisoner's age, if he is at least 65 years old, is experiencing a significant decline in health because of his age, and has served at least 10 years or 75 percent of his term; (3) if a prisoner becomes the only potential caregiver for a minor child or spouse; and (4) if, as determined by the Director of the BOP, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the other three reasons. *See id.*

Swindle argues that that the COVID-19 pandemic and the general challenges it poses for the prison system justify his compassionate release.  According to Swindle, he is unable to provide self-care within the prison due to "a shortage of staff and cleaning supplies."[2] The record shows, however, that the facility in which he is located had only one active COVID-19 case within its population at the time the District Court considered his request for compassionate release. And Swindle does not argue, nor does he provide any evidence suggesting, that he suffers from any particular health

---

[2] Swindle points to the fact that prison requires inmates to share cells and bathrooms and does not provide the inmates with cleaning supplies to clean the surfaces to kill germs, bacteria, and viruses. He also notes that it is very hard to social distance in prison.

condition(s) that place him at a higher risk than the general prison population. Given these facts, we cannot say that the District Court abused its discretion in concluding that neither Swindle's current condition nor the possibility that he might contract COVID-19 present "extraordinary and compelling reasons warrant[ing a sentence] reduction." Indeed, concluding otherwise would mean that any prisoner could meet the standard for compassionate release simply because they were serving prison time during COVID-19.

2.

Additionally, the district court concluded that, even if extraordinary and compelling reasons existed, relief was not warranted in light of the § 3553(a) factors. Where extraordinary and compelling reasons exist, a district court abuses its discretion if it fails to consider all applicable § 3553(a) factors before granting or denying a motion for compassionate release, *United States v. Cook*, 998 F.3d 1180, 1183–84 (11th Cir. 2021), but it is not necessary for the district court to state on the record that it explicitly considered each of the § 3553(a) factors or to discuss each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). Furthermore, the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court. *Id.*

The sentencing factors listed in 18 U.S.C. § 3553(a) that a district court must consider when imposing a sentence include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence,

protect the public from the defendant's further crimes, and provide the defendant with appropriate medical care or other correctional treatment. 18 U.S.C. § 3553(a)(2). They also include the nature and circumstances of the offense, the history and characteristics of the defendant, the types of sentences available, the types of sentences established by the applicable guideline range, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly situated defendants, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

Swindle appears to argue that his nonviolent history[3] and his rehabilitation thus far weigh in favor of his release. The District Court, however, had discretion to weigh other 3553(a) factors more heavily. *Kuhlman*, 711 F.3d at 1327. In particular, § 3553(a) instructs courts to impose a sentence that "reflect[s] the seriousness of the offense" and creates "adequate deterrence to criminal conduct." 18. U.S.C. § 3553(a). Swindle is serving prison time until 2027 because of his "prolific possession and exchange of child pornography on his work computer." At least one of the images on his computer involved a prepubescent minor who had not attained the age of 12. At the time of his request for compassionate release, Swindle had served 4 years of an 11-year sentence. To allow Swindle to be released before serving even half of his sentence for what is undeniably a grave crime would neither reflect the "seriousness

---

[3] In fact, Swindle was previously convicted twice of domestic violence.

of the offense" nor provide "adequate deterrence" to this type of criminal conduct.  The District Court therefore did not abuse its discretion when it denied Swindle's request for compassionate release in order to "adequately deter the consumption of child pornography."

3.

Finally, under 18 U.S.C. § 3582(c)(1)(A)(i) a court must ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[4]  The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13.  *See* U.S.S.G. § 1B1.13.  Importantly, § 1B1.13(2) states that a sentence may be reduced only when "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18. U.S.C. § 3142(g)." *Id.*  As the District Court noted, factors to determine whether a person is a "danger to the safety of any other person or the community" specifically include whether the defendant's offense involved "a minor victim." The District Court, after considering that Swindle had possessed and exchanged a "prolific"[5] amount of child pornography on his work computer, concluded that the "nature of [the crime Swindle committed]

---

[4] Although some of our sister courts have held that 1B1.13 does not apply to inmate-initiated motions, we recently held otherwise. *See United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021) ("1B1.13 is still an applicable policy statement for a Section 3582(c)(1)(A) motion, no matter who files it").

[5] Law enforcement discovered 75 videos of child pornography on Swindle's work computer.  Some of those images were of children under the age of 12.

implies a strong risk of recidivism and makes Swindle a danger to the community if he is released." Given the harms that flow from child pornography—not only to the child victims but also to society at large—it was by no means an abuse of discretion for the District Court to conclude that releasing Swindle might pose a danger to the safety of another person or to the community.[6]

### III.

Although the District Court abused its discretion by holding that Swindle failed to exhaust his administrative remedies, it did not abuse its discretion on other grounds. Namely, the prison's allegedly inadequate response to COVID-19, by itself, was not an extraordinary and compelling reason to grant Swindle release; the court had the discretion to weigh the nature and circumstances of his child pornography convictions more heavily than other factors; and the court was required to consider § 1B1.13 when addressing his motion. Accordingly, we affirm.

**AFFIRMED.**

---

[6] Swindle appears to argue that he is not a danger to the community because he has never been accused or convicted of touching a child and because he only possessed the child pornography on his work computer. The District Court, of course, had the discretion to discount such arguments and to conclude that Swindle, as a repeat consumer of child pornography, posed a danger to the community.